UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN STEIN, KAREN STEIN,

Plaintiffs,

vs. Case No. 2:07-cv-71-FtM-29DNF

PARADIGM MIRASOL, LLC, a Florida limited liability company,

Defendant.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Amended Verified Motion for Attorney's Fees and Costs (Doc. #48) filed on February 27, 2008. Defendant's Memorandum of Law in Opposition (Doc. #60) on March 13, 2008.

On February 7, 2008, the Court entered an Opinion and Order (Doc. #39) granting plaintiffs' Motion for Summary Judgment as to Count I, finding that defendant was not exempt from its reporting obligations under ILSFDA, and as to the Counterclaim for Breach of Contract; and granting defendant's Dispositive Motion for Summary Judgment as to Count II. Judgment (Doc. #40) was entered on February 8, 2008 finding that plaintiffs were entitled to terminate the Agreement on January 16, 2007, and the return of $179,180.00 in deposits and $26,190.00 for option upgrades with pre-judgment interest accruing through February 7, 2008. Judgment was also

entered in favor of defendant as to Count II with plaintiff taking nothing. An Amended Judgment (Doc. #41) was entered on February 13, 2008, to correct the caption of the case. Execution on the Amended Judgment was stayed pending appeal with defendant posting a cash bond. (See Doc. #58.)

Plaintiffs seek attorney's fees and costs pursuant to 15 U.S.C. § 1709(c), and further seek costs incurred after the Offer of Judgment (Doc. #48, p. 9) under Fed. R. Civ. P. 68. Defendant argues that attorney's fees under the statute are discretionary and should not be awarded as defendant otherwise complied with all requirements to complete work within two years, and but for the wording in the Agreement would have been exempt. As the wording in the Agreement was defendant's own contractual language, the Court rejects this basis to deny fees and costs.

Absent statutory authority or an enforceable contract, attorney fees are ordinarily not recoverable. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). Under 15 U.S.C. § 1709(c), "[t]he amount recoverable in a suit authorized by this section may include, . . . interest, court costs, and reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot." The statute does not require that attorney's fees be awarded to a prevailing

party,[1] however, an award of fees, interest, and costs may be included in the Court's discretion as recoverable.

On February 7, 2008, the Court entered an Opinion and Order (Doc. #39) granting summary judgment in favor plaintiffs as to Count I finding defendant was not exempt from its reporting obligations under ILSFDA, granting summary judgment in favor of defendant as to Count II, and the Clerk was directed to enter judgment finding that plaintiffs were entitled to terminate the Agreement on January 16, 2007, entitled to the return of $179,180.00 in deposits, and $26,190.00 paid for option upgrades, including pre-judgment interest accrued thereon through February 7, 2008. An Amended Judgment (Doc. #41) was entered on February 13, 2008. Reconsideration was denied and case remains pending on appeal.[2]

---

[1]"In interpreting the language of the statute, this Court must assume that Congress used the words of the statute as they are commonly and ordinarily understood and must construe the statute so each of its provisions is given full effect." United States v. McLymont, 45 F.3d 400, 401 (11th Cir. 1995)(citations omitted).

[2]The undersigned retains jurisdiction over collateral matters while the matter is pending on appeal. Briggs v. Briggs, 260 Fed. Appx. 164 (11th Cir. 2007).

The Court finds that plaintiffs are prevailing parties[3] under Federal Rule of Civil Procedure 54, and the Court will exercise its discretion and award recoverable fees and costs to plaintiffs as prevailing parties. Having determined that plaintiffs are entitled to fees and costs, the Court must still determine whether the amount is reasonable.

Counsel for defendant suggests that the fees, if permitted, should be reduced to reflect that the conversion count was dismissed, two entries for e-mails are improper, and additional hours should be eliminated. Upon review, the Court finds that following hours should be reduced or eliminated:

| **DATE:** | **HOURS:** |
|---|---|
| 2/26/2008 | -1.50 |
| 2/25/2008 | -1.00 |
| 2/13/2008 | -0.30 (leaving 0.10 hours) |
| 9/21/2007 | -4.00 (leaving 4.00 hours) |
| 5/13/2007 | -0.10 |
| 5/11/2007 | -0.10 |

---

[3]The Eleventh Circuit has defined a "prevailing party" as follows:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . .

Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001)(quoting Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)).

| 5/10/2007 | 0.10 |
|---|---|
| 4/8/2007 | -0.50 (leaving 1.50 hours) |
| 4/7/2007 | -0.50 (leaving 1.00 hours) |
| 4/6/2007 | -1.00 (leaving 2.00 hours) |
| 3/16/2007 | -0.50 (leaving 1.50 hours) |
| 3/16/2007 | -0.10 |
| 3/13/2007 | -0.20 (leaving 0.30 hours) |
| 3/12/2007 | -0.50 (leaving 2.50 hours) |
| 2/6/2007 | -0.50 (leaving 2.50 hours) |

Additionally, the Court finds that the cost of $238.45 for copies of Arthur Friedman's deposition should be eliminated as an expense associated with the convenience of the parties, and not necessarily for use in the case. Therefore, the Court will award a total of $9,576.00[4] for attorney's fees and $1,432.15 for costs and expenses.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Amended Verified Motion for Attorney's Fees and Costs (Doc. #48) is **GRANTED** in part as provided herein.

2. The Clerk shall enter judgment granting plaintiffs attorney's fees in the amount of $9,576.00, and costs and expenses in the amount of $1,432.15.

---

[4]The Verification (Doc. #48, p. 3) states that attorney Joseph Stern's hourly rate was $200.00 and attorney Albert J. Vitto's hourly rate was $180.00. In determining the total attorney's fees, the Court applied an average rate of $190.00 to the reduced total hours of 50.4.

3. Execution on the Judgment is stayed pending appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this 6th day of January, 2009.

**JOHN E. STEELE**
**United States District Judge**

Copies:
Counsel of record